# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2998 | **DATE** | 4/27/12 |
| **CASE TITLE** | Johnnie L. Henderson (#B-01349) v. Joseph Kazmierski, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is granted and the initial partial and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff, presently in state custody at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County Judges Kazmierski, Evans, and Biebel, violated Plaintiff's constitutional rights by making unconstitutional rulings in his underlying state criminal action.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff is suing only Defendants who are immune from suit.

**(CONTINUED)**

| | AWL |
|---|---|

## STATEMENT

The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57; *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted). Consequently, Judges Kazmierski, Biebel and Evans are immune from suit.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).